Casey, C. J.,
delivered the opinion of the court:
The claimant in January, 1863, was the owner of certain real estate in the city of Memphis, Tennessee. And on the sixth day of that month the premises were taken possession of by one Edward R. Hill, a clerk *5 employed by and under the direction of Captain A. R. Eddy, an assistant quartermaster in tlie United States army. Captain Eddy had instructed Hill to procure rooms for offices of the pay department belonging to the army under General Grant. Mr. Hill called upon the claimant, in reference to the occupation of his property, the latter assenting. Hill assured him he would be paid a reasonable rent for the use of the premises., Some time afterwards, the medical department proposing to take the rooms for hospital purposes, an order was issued by the commanding general assigning them to the use of the pay department. They were occupied in this manner until some time in February, 1865, when they were vacated and surrendered to the claimant. The amount demanded is $7,815, and the evidence shows that the premises were reasonably worth that sum for the time occupied. No written contract was made, and no rent specified, nor was any rent ever paid by Captain Eddy or any other officer for or on behalf of the United States. Captain Eddy was examined as a witness in the case, and says “this building was' held by the United States, like many others in the city, without compensation from the quartermasters’ department, the owners being presumed to be disloyal unless the contrary was shown.” He further testifies that he was subsequently well assured that Mr. Ayers was a loyal man, and the other testimony in the case leaves but little doubt on that subject. The city had been captured by the United States forces in June, 1862.
Upon this statement of facts the United States resist a recovery on two grounds:
1. That it was such an “ appropriation ” of property by the army, as ousts the jurisdiction of this court under the act of July, 4, 1864.
2. That no such contract has been shown as would maintain this action. There is nothing in the evidence that satisfies us that Mr. Hill had any competent authority to bind the United States for the payment of rent. His duty and authority were to select rooms. The quartermaster must make the contract, or at least ratify what Hill has done. Instead of that he kept possession of the premises for two years and more, without paying any rent, or even acknowledging that any was due.
Under these circumstances we can only regard it as an appropriation of property by the army, and therefore excluded from our jurisdiction by the express terms of the act of July 4, 1864.
The petition must be dismissed.